IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

**In re the Application of: PAVEL MAREK**

**PAVEL MAREK**

Address:
NA CHODOVCI
2544/34
Prague 4
Czech Republic

**Plaintiff/Petitioner**

v.                                                           Case No. _____

**ASMARA MAREK**

Address:
1678 Irving Street, NW
Apt. 2
Washington, DC 20010

**Defendant/Respondent**

### VERIFIED COMPLAINT AND PETITION FOR RETURN OF MINOR CHILD TO CZECH REPUBLIC FROM THE UNITED STATES OF AMERICA PURSUANT TO THE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION, DONE AT THE HAGUE

As and for his Petition against Asmara Marek ("Respondent"), Pavel Marek, the father of the minor child who is the subject of this action, alleges upon knowledge as to his own acts, the acts of the Respondent, and otherwise upon information and belief, as follows:

1

## I.     Introduction

1. This Petition arises from the unlawful retention of T.M. ("minor child"), the Petitioner's twelve-year-old son, by his mother the Respondent herein, from his habitual place of residence in Prague, Czech Republic and the demand of the Petitioner, the minor child's father for his immediate return to Czech Republic.

2. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction ("the Convention") and the International Child Abduction Remedies Act ("ICARA").  (See Exhibit 1, Copy of the Convention)

3. The objects of the Convention are:

   Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

   Article 1(b): To ensure that rights of custody and of access under the law of once Contracting State are effectively represented in other Contracting States.

   *Id.*

4. The parties were married on March 24, 2006, in Prague Czech Republic.

5. The minor child was born in Prague, Czech Republic in 2006.

6. The parties entered into a custody and visitation agreement ("Agreement"), that was ratified by The District Court for Prague 7, on November 13, 2013. (See Exhibit 2, Judgment)

7. The Agreement provided, *inter alia*, that the parties would enjoy equal custody rights for the minor child, which amounted to each party having custody of the child on alternating weeks. *Id.*

8. The Agreement contained schedules for holidays and vacation travel as well. *Id.*

9. The Agreement's provision regarding summer vacation schedule provided that "the father shall care for the minor [child] in the even year in July and mother in August, in the odd year the mother shall care for him in July and father in August." *Id.*

10. The parties lived under this Agreement from its adoption in 2013, until September 2017.

11. The Respondent has a history of threatening to keep the minor child in the United States without the consent of the father.

12. The court with appropriate jurisdiction over custody and visitation in the Czech Republic has repeatedly denied the Respondent's request to permanently reside in the United States with the minor child.

13. The Respondent moved to the United States in September 2017, resides in the District of Columbia, and is an adjunct professor at The American University.

14. At this time, the father assumed full responsibility for the care and custody of the minor child, with the exception of short visits by the mother to Prague.

15. The mother had resided in Prague continuously from 2004 until 2017.

16. The Respondent filed a custody proceeding that concerns the minor child in Prague on January 11, 2016.

17. In her proceeding, the Respondent sought relief that included permission to move the minor child to the United States.

18. The relief the Respondent sought was denied by the District Court in Prague.

19. The Respondent appealed the decision denying her relief, and the case was remanded.

20. There is an ongoing custody and visitation proceeding in the Czech Republic, the minor child's clear habitual residence, to determine a new custody and visitation arrangement for the child, now that the mother has permanently relocated to the United States.

21. The minor child has never resided outside of the Czech Republic.

22. On September 28, 2018, the District Court in Prague ordered the psychological evaluation of the minor child and appointed an expert to perform the evaluation. (See Exhibit 3)

23. Pursuant to the Agreement, the Respondent enjoyed a visit from the minor child during the month of August, on an even year, 2018.

24. The parties sought to follow the previous arrangement, notwithstanding the need for a new one, and the minor child went to visit the Respondent for the month of August, 2018.

25. The minor child had a plane ticket to return to Czech Republic on September 2, 2018. (See Exhibit 4)

26. On August 28, 2018, the Respondent contacted the Petitioner to confirm that he had made proper arrangements for the minor child to travel as an unaccompanied minor on his flight back to Prague.

27. The Petitioner went to the airport to greet the minor child, and it was at that time that he discovered the Respondent never put the minor child on the plane and had unlawfully retained the minor child in the United States.

28. The Respondent has wrongfully retained the child since September 2, 2018 in the District of Columbia.

29. The parties have a history of following the Agreement since its inception in 2013, and the Petitioner was clearly exercising his custody rights at the time of the wrongful retention, as he always has.

30. The specific legal grounds for this Petition are the Convention, and the implementing legislation of ICARA.  42 U.S.C. § 11601 et seq.

31. The United States was one of the original signatories to the Convention, and the Convention entered into full force in the United States on July 1, 1988, with the enactment of ICARA.

32. Czech Republic became a member country, or "Contracting State" to the Convention on March 1, 1998.

## II.   Jurisdiction and Venue

33. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 11603 and because this case involves the wrongful retention of a child under the age of sixteen from his habitual residence in Czech Republic.

34. This Court has personal jurisdiction because the Respondent and the minor child are located in this federal district, specifically, on information and belief, at 1678 Irving Street, NW, Apartment 2, Washington, D.C., 20010.

35. Venue is proper pursuant to 42 U.S.C. § 1603 and 28 U.S.C. § 1391(b) because the minor child and Defendant/Respondent are residing in the District of the District of Columbia, specifically, at 1678 Irving Street, NW, Apartment 2, Washington, D.C., 20010.

### III.    Parties

36. The Convention applies to cases where a child under the age of sixteen years has been removed or retained from his or her habitual residence in breach of the custody rights of the aggrieved parent, provided said custody rights are actually being exercised at the time of the illegal removal or retention.

37. Petitioner, Pavel Marek has custodial rights to his minor child within the meaning of Articles Three and Five of the Convention because he is the minor child's father, and pursuant to a court order in Czech Republic.

38. Petitioner was exercising his custodial rights at the time of the unlawful retention pursuant to the Agreement ratified by court order, and the law in Czech Republic that governs parents and children, Act No. 89/2012 Coll. Civil Code, which regulates parents and children.  (See Exhibit 5, Excerpts from Czech Republic law)

39. The minor child was living with the Petitioner in Czech Republic pursuant to an agreement between the parties that was ratified and ordered by District Court 7 in Prague. (See *Id.*)

40. The child was habitually resident in Czech Republic when he came to the United States of America to visit the Respondent.

41. The Petitioner and Respondent resided in Czech Republic, both before and after their marriage, until the Respondent moved to the United States in September 2017.

42. Respondent's request to have the minor child live with her in the United States was denied by District Court 7 in Prague in an action that is currently being litigated in Czech Republic.

43. Respondent's actions are in blatant violation of international law, and orders in ongoing custody and visitation litigation in Czech Republic, as well as existing orders from Czech Republic.

44. Respondent exhausted her legal avenues and took matters into her own hands.

45. The minor child's habitual residence at the time of the illegal retention was Czech Republic.

46. There has not been a time during the minor child's life when the Petitioner has not exercised custody and/or visitation rights.

47. Petitioner filed a Request for Return with the appropriate authorities in the Czech Republic, who forwarded his application to the Office of Children's Issues at the U.S. Department of State, which operates as the Central Authority under the Convention in the United States.  (See Exhibit 6, Application Pursuant to the Convention)

48. The Petitioner is currently located in Czech Republic

### IV.     Respondent's Wrongful Retention of Child

49. The Respondent never boarded the minor child on the return flight scheduled for September 2, 2018, and has wrongfully retained the minor child since then.

50. The minor child is currently residing in Washington, D.C., United States of America and within the territorial jurisdiction of this Court.

51. If this Court does not take immediate action, irreparable harm may occur.

52. The Petitioner demands immediate return of his illegally retained minor child so that the custody and visitation matters currently pending before the court in Prague may be properly litigated.

53. The Respondent is attempting to subvert appropriate legal channels by taking matters into her own hands.

### V.     Request for Provisional Remedies

54. The purposes outlined in paragraph three herein cannot be met if the children are removed from this jurisdiction while this case is pending, and therefore Section 11604 of ICARA empowers this Court to fashion appropriate provisional remedies to secure the child I this jurisdiction.

55. So long as the requirements of the substantive and procedural state law are met, ICARA provides that any court exercising jurisdiction of an action seeking the return of a child "may take or cause to be taken measures under Federal or state law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a).

56. Petitioner requests that this Court issue an immediate order restraining Respondent from removing the minor child from the jurisdiction of this Court.

57. Petitioner also requests that the Respondent be ordered to appear before this Court with the minor child at the earliest possible date that is convenient to the Court to surrender the child's Passports or any travel documents, and schedule an expedited hearing on the merits of this Petition.

58. Petitioner requests that the permanent order for return of the minor child to Czech Republic permit the minor child to be transported back to his habitual residence in Czech Republic, with the Petitioner, who is available to come to the United States to facilitate the return.

## VI. Notice of Hearing

59. Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings. *See* DC St. § 16-4602.05 (Petitions and orders served pursuant to law of District of Columbia as in custody proceedings between residents of the District of Columbia)

## VII. Verified Petition

60. Pursuant to 28 U.S.C.A. § 1746(1), the Petitioner certifies under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

### VIII.   Request for Relief

**WHEREFORE,** Petitioner respectfully requests the following relief:

A. A permanent Order directing the prompt return of the child to his habitual residence in Czech Republic, specifically back to the custody of the Petitioner;

B. Provisional relief through a temporary restraining order pursuant to Fed. R. Civ. P. 65(b)(1) ordering the Respondent not to remove the child from the geographic confines of the federal District of the District of Columbia;

C. An Order commanding the Respondent to appear before this Court at the earliest practicable date that is convenient for the Court to surrender the minor child's travel documents, including any Passport, and to set a hearing on the merits for this Petition;

D. That the Court have a hearing on the merits within six weeks of the initial filing of this Petition;

E. That the hearing for the temporary restraining order and the hearing on the merits of this Petition be consolidated;

F. That if the Respondent fails to abide by the temporary restraining order or fails to appear in Court to surrender the minor child's travel documents, if any, this Court issue a warrant for immediate arrest of the Respondent, and warrant seeking immediate physical custody of the minor child, and that custody of the minor child be transferred to the Petitioner pending the hearing on the merits in this case and if the minor child cannot be located, that the minor child's name be entered into the Federal Bureau of Investigation's National Crime Information Computer (N.C.I.C.), missing person section;

G. That the permanent custody order provide that the minor child be removed from Respondent's home and into the custody of the Petitioner;

H. Enter Orders as necessary for the filing of this Petition and any other related filings to be under seal to protect the identity and whereabouts of the child;

I. An Order directing the Respondent to pay any attorney fees and costs borne by the Petitioner; and

J. Any additional relief deemed appropriate by this Court.

Date:  October 31, 2018
Washington, D.C.

Respectfully submitted,

Pavel Marek,

*/s/ Pavel Marek*

By counsel

___/s/ *Joseph J. DiPietro* _____
Joseph John DiPietro III DC Bar 973939
DiPietro Law Group, PLLC
4157 Chain Bridge Road
Fairfax, Virginia 22030
P: 703.370.5555
F: 888.881.4946
Email: jjd@dipietropllc.com
*Counsel for the Petitioner*